IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10738
Summary Calendar
_____


DECKS APPEAL,

Plaintiff-Appellant,

versus

GTE DIRECTORIES SALES CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:94-CV-426-H)
_____

February 22, 1996

Before KING, SMITH, and BENAVIDES, Circuit Judges.

FORTUNATO P. BENAVIDES[*]:

Plaintiff-Appellant Decks Appeal appeals the district court's
final judgment dismissing its suit against Defendant-Appellee GTE
Directories Sales Corporation ("GTE") for violations of Section
43(a) of the Lanham Act, 15 U.S.C. § 1051, et. seq., negligence,
tortious interference with business relations, unfair competition
and claims under the Texas Deceptive Trade Practices Act ("DTPA").
The district court granted GTE's motion for judgment, pursuant to
FED. R. CIV. P. 50(a), on the ground that Decks Appeal had not
proven causation as a matter of law. We affirm.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Decks Appeal, a builder of redwood decks and gazebos, was formed as a partnership by Richard and David Parish in 1988. In 1992 the partnership was dissolved, at which time Richard Parish continued to operate the business as a sole proprietorship and David Parish became an employee.

Since 1989, Decks Appeal has advertised in several Texas cities in GTE's directory titled the "Everything Pages." The "Everything Pages" contains a variety of information, including white pages, yellow pages, coupons, and community information. Decks Appeal signed a contract for advertising with GTE for each advertisement that was placed in GTE's directory. The ads with GTE contained a distinctive logo, which Decks Appeal also used in some of its other advertising. However, Decks Appeal did not register the logo with the United States Patent and Trademark Office, nor did it use any designation with the logo to indicate that it claimed any protected interest.

In 1992, GTE attempted to sell Decks Appeal a larger ad for placement in its Plano and Carrollton, Texas directories. Decks Appeal rejected the larger ad due to its higher cost. Decks Appeal's usual logo ended up in a larger advertisement for one of its competitors, General Fencing and Construction Company ("General Fencing"). When Decks Appeal discovered that its logo was used in General Fencing's ad, Decks Appeal contacted GTE.

Pursuant to the written contracts between them, GTE provided Decks Appeal with a year of free advertising for the error. When

Decks Appeal continued to complain, GTE gave Decks Appeal a second free year of advertising. Then in July 1993, Decks Appeal complained again, claiming that it had suffered lost profits during the period that Decks Appeal's logo was being used by General Fencing. GTE's in-house counsel, Dana Brooks Bourland ("Bourland"), responded by letter, stating that she would investigate Decks Appeal's complaint. Bourland offered additional free advertising, which was declined.

GTE then hired outside counsel to continue the settlement negotiations. After receiving a letter on March 2, 1994 from Decks Appeal's counsel containing a copy of a proposed complaint for thirty million dollars, GTE filed a declaratory judgment action in the district court. Decks Appeal counterclaimed asserting trademark infringement, unfair competition, negligence, interference with prospective business advantage, and violations of the DTPA. Bourland was added as a counterclaim defendant.

GTE and Bourland filed motions to dismiss on March 29, 1994 and May 26, 1994 respectively. After the joint pretrial order was filed on June 26, 1995, the district court granted Bourland's motion to dismiss on the ground that Decks Appeal had abandoned its claims against Bourland by not including them in the joint pretrial order. On July 11, 1995, the court granted GTE's motion to dismiss with regard to Decks Appeal's negligence and tortious interference claims, leaving outstanding for trial only Decks Appeal's claims under the DTPA, under the Lanham Act, and for unfair competition.

The parties were realigned for trial with Decks Appeal

becoming the plaintiff and GTE becoming the defendant. At the close of Decks Appeal's evidence, GTE moved for judgment pursuant to Rule 50(a) on the ground that Decks Appeal failed to present evidence on the issues of damages and causation. The district court denied the motion at that time. After presenting its evidence, GTE renewed its Rule 50(a) motion. After hearing argument, the court issued a memorandum opinion and order dismissing Decks Appeal's remaining claims on the ground that Decks Appeal had not proven causation as a matter of law. Final judgment was entered against Decks Appeal on July 27, 1995.

## II.

Decks Appeal challenges the district court's grant of GTE's Rule 50(a) motion on the issue of causation, dismissal of Decks Appeal's negligence and tortious interference claims, and dismissal of Bourland. After reviewing the record on appeal, we find no reversible error.

Decks Appeal claims that it sufficiently demonstrated that its sales in 1992 fell dramatically as a result of GTE's misuse of Decks Appeal's logo in GTE's directories, based solely on its allegation against GTE and its total decrease in profits during 1992. However, GTE presented evidence at trial of several additional factors that could of contributed to Decks Appeal's asserted lost profits in 1992, including the fact that Decks Appeal lost several sales representatives in the months immediately prior to the publication of the GTE directories at issue, that Decks Appeal reduced its advertising in the Dallas Morning News during

4

the same period at issue, and that Decks Appeal's showroom was undergoing remodeling and relocation during three months of the year in which the erroneous ads were published. We find Decks Appeal's speculative evidence based only on its declaration of fault against GTE and decline in sales fails to rebut GTE's evidence regarding the other possible factors for Decks Appeal's lost profits in 1992 and fails to present a basis for determining how much of its damages resulted from GTE's wrongful acts. *See University Computing Co. v. Management Science America, Inc.*, 810 F.2d 1395, 1398 (5th Cir. 1987). In this case, we find that Decks Appeal's speculative inference is not sufficient to prove that GTE's actions were a proximate cause of Decks Appeal's lost profits.

We next address the district court's dismissal of Decks Appeal's negligence claim based on Decks Appeal's failure to allege any cognizable duty that could support a negligence claim and of Decks Appeal's tortious interference claim for failure to allege the existence or the reasonable probability of future business relationships or contracts. We agree with the court that Decks Appeal's complaint alleges no facts that could form a viable cause of action for negligence or tortious interference. In addition, because no set of facts could be raised to properly allege either cause of action, we find the court was correct in denying Decks Appeal's request for leave to amend its complaint. *See Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667-68 (5th Cir.), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 640

5

(1981).

As for Decks Appeal's challenge to the district court's dismissal of Bourland, we find that Decks Appeal waived any claim or issue against Bourland. Decks Appeal asserts that its allegation of damages caused by the manner in which GTE supervised its sales and staff and managed the intellectual property entrusted to it by its advertising customers clearly references Bourland. However, the allegation merely alleges a claim against GTE, not Bourland individually. Because we find that the joint pretrial order fails to state a claim or issue against Bourland individually, the court's dismissal was proper. *See Valley Ranch Development Co., Ltd. v. F.D.I.C.*, 960 F.2d 550, 554 (5th Cir. 1992).

### III.

For the reasons articulated above, the judgment of the district court is AFFIRMED.